Present: The Honorable    DOLLY M. GEE, UNITED STATES DISTRICT JUDGE

| KANE TIEN | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS - ORDER RE PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER OR STAY [16, 27]**

Plaintiff filed suit on September 22, 2017 and, nine days later, filed a First Amended Complaint ("FAC") due to a typographical error in the original pleading. [Doc. ## 1, 9.] The FAC alleges causes of action under California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ Code § 1750 *et seq.*, in connection with the slack-fill in Defendant's product. [Doc. # 9.] On October 25, 2017, Defendant filed a motion to dismiss or, in the alternative, to transfer or stay the case ("MTD"). [Doc. # 16.] On November 30, 2017, after the MTD was fully briefed, Plaintiff filed a motion for leave to file a second amended complaint ("MTA") that, according to him, would cure the alleged deficiencies in the operative pleading by removing any allegations that sound in fraud. [Doc. # 27.] Plaintiff also seeks leave to add a cause of action under California's Unfair Competition Law. *Id.* For the following reasons, the Court **GRANTS** the MTA, **DENIES as moot** the MTD's request for dismissal, **GRANTS** the MTD's alternative request for transfer, and **DENIES as moot** the MTD's alternative request for a stay.

## I.
## DISCUSSION

**A.    MTA**

Plaintiff set a hearing on the MTA for January 5, 2017. *Id.* Defendant's opposition was therefore due no later than December 15, 2017. *See* C.D. Cal. L.R. 7-9 (opposition papers due at least 21 days before the date of the motion hearing). No opposition has been filed, and the time to do so has now passed. The MTA is therefore **GRANTED** for failure to oppose. *See Oakley, Inc. v. Nike, Inc.*, 988 F. Supp. 2d 1130, 1139 (C.D. Cal. 2013) ("[T]he Local Rules permit the Court [to] deem failure to oppose as consent to the granting of the motion.") (citing L.R. 7-12). The MTD, insofar as it seeks dismissal, is accordingly **DENIED as moot** due to this Court's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-7025 DMG (KSx)** | Date | December 22, 2017 |
| Title | *Anthony Buso v. Penguin Trading, Inc.* | Page | 2 of 10 |

ruling on the MTA. Plaintiff shall file an amended complaint pursuant to its proposed changes. *See* Ex. 2 to Ferrell Decl. [Doc. # 27-3].

**B.     MTD (Transfer)**

Defendant asks this Court, as an alternative to dismissal of the complaint, to transfer the action to the Eastern District of New York ("E.D.N.Y.") under 28 U.S.C. section 1404(a). MTD at 29.[1]

**1.     Legal Standard**

A district court may transfer an action to a different district court under 28 U.S.C. § 1404(a). Section 1404(a) permits a court to transfer an action "[f]or the convenience of parties and witnesses" and "in the interest of justice," so long as the action could have been filed in the transferee district in the first instance. 28 U.S.C. § 1404(a); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 639 (9th Cir. 1988) (the district court has broad discretion to transfer a case to another district where venue is also proper); *see also Commodity Futures Trading Comm. v. Savage*, 611 F.2d 270, 279 (9th Cir. 1979) ("Weighing of factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge"). The district court must "adjudicate motions for transfer [of venue] according to an individualized, case-by-case consideration of convenience and fairness." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotes omitted)).

In deciding a motion to transfer venue, the court typically weighs a number of public and private factors, including (1) plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the location of books and records; (5) which forum's law applies; (6) the interests of justice; and (7) administrative considerations. 15 Charles A. Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure, §§ 3841–55 (2007). In the Ninth Circuit, the following factors (known as the *Jones* factors) may also be relevant in assessing a motion to transfer venue:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

---

[1] Citations to the parties' briefs refer to the pagination assigned by the CM/ECF docketing system.

*Jones*, 211 F.3d at 498-99. "[U]nless the balance of factors is strongly in favor of the defendants, the plaintiff's choice of forum should rarely be disturbed." *Secs. Investor Prot. Corp. v. Vigman*, 764 F.2d 1309, 1317 (9th Cir. 1985). "Defendant bears the burden to prove that the transfer forum is *more* convenient, rather than 'equally convenient or inconvenient.'" *Atlantique Prods., S.A. v. Ion Media Networks Inc.*, No. CV 12-08632 DMG (PLAx), 2013 WL 12133636, at *3 (C.D. Cal. Feb. 28, 2013).

### 2. Analysis

In urging transfer here, Defendant presents three arguments: (1) less deference should be afforded plaintiff's choice of forum because this is a class action lawsuit and Plaintiff, as representative, lives outside of the geographic boundaries of this District; (2) the first-to-file presumption weighs in favor of transfer because the parties are already in the midst of litigation in the E.D.N.Y. (the "New York Action") on substantially similar issues;[2] and (3) E.D.N.Y. is the more convenient venue for the instant suit under the *Jones* factors. Plaintiff counters each ground in opposition and presents argument on the recognized transfer factors.

#### a. Plaintiff's Choice of Forum

Plaintiff contends that Defendant's argument on deference to the plaintiff's choice of forum fails because Plaintiff resides only 50 miles outside of the Central District of California's boundary, in San Diego County's City of Poway (and, thus, the Southern District of California), as opposed to approximately 3,000 miles outside of E.D.N.Y.'s boundaries. Buso Decl. at ¶ 2 [Doc. # 23-3]. While litigation in this District would be more convenient to Plaintiff than litigation in E.D.N.Y., it is not entirely clear why Plaintiff filed suit here rather than in his home District. The Court observes that, according to Defendant's website, Defendant has 124 retail stores within this District and only 39 retail stores in the Southern District of California. *See* Ferrell Decl. at ¶ 14 [Doc. # 23-4]. Additionally, Plaintiff's investigator, whose testimony is critical to Plaintiff's case, is a resident of this District. *See* Baslow Decl. at ¶¶ 1–5, 8. These facts may serve as reasons for filing suit in this District. Opposition at 43 [Doc. # 23].

It is not self-evident why the selection of this forum constitutes forum shopping, but the Court does take into account the fact that Plaintiff is not a resident of this forum in considering this factor. Thus, the Court will give some weight to the Plaintiff's choice of forum in light of controlling authority, but the Court will not give that element *substantial* weight. *See Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 134 S. Ct. 568, 581 & n.6 (2013) (noting that "[i]n the typical case not involving a forum-selection clause, a district court considering a § 1404(a) motion" "must . . . give some weight to the plaintiff's choice of forum"). This factor thus weighs against transfer, but not heavily.

---

[2] *Penguin Trading, Inc. dba Fruit Bliss v. John or Jane Doe(s)*, 1:17-cv-04826-DLI-RLM (E.D.N.Y. 2017).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-7025 DMG (KSx)** | Date | December 22, 2017 |
|---|---|---|---|
| Title | *Anthony Buso v. Penguin Trading, Inc.* | Page | 4 of 10 |

### b.     First-to-File Rule

To determine whether the first-to-file rule applies, courts analyze three factors: "chronology of lawsuits, similarity of the parties, and similarity of the issues." *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). It is undisputed that Defendant initiated the New York Action on August 16, 2017, whereas Plaintiff filed this action on September 22, 2017. *Compare* Case No. 1:17-cv-04826-DLI-RLM [Doc. # 1] ("New York Complaint") (filing suit against unknown plaintiffs represented by Plaintiff's counsel and referencing demand letters Plaintiff's counsel sent, which Plaintiff filed as exhibits in Opposition to the MTD),[3] *with* [Doc. # 1 (original complaint in this action)]. Additionally, the parties in this action are identical to the parties in the New York Action, and the parties appear to agree that the issues in both cases are the same.

Plaintiff argues that the first-to-file doctrine should not apply in this case because the New York Action is an anticipatory suit. Even when the first-to-file rule's three requirements are satisfied, application of the rule may still be inappropriate. The first-to-file rule is discretionary, and a court may dispense with it for reasons of equity, including when the filing of the first suit was anticipatory. *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991); *Inherent.com v. Martindale-Hubbell*, 420 F. Supp. 2d 1093, 1097 (N.D. 2006). "A suit is 'anticipatory' for the purposes of being an exception to the first-to-file rule if the plaintiff in the first-filed action filed suit on receipt of specific, concrete indications that a suit by defendant was imminent." *Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc.*, 179 F.R.D. 264, 271 (C.D. Cal. 1998). "Such . . . suits are disfavored because they are examples of forum-shopping." *Id.* Furthermore, "'where . . . a declaratory judgment action has been triggered by a cease and desist letter' that both seeks settlement and notifies the party of the possibility of litigation upon collapse of negotiations, 'equity militates in favor of allowing the second-filed action to proceed to judgment rather than the first.'" *Xoxide, Inc. v. Ford Motor Co.*, 448 F. Supp. 2d 1188, 1193 (C.D. Cal. 2006) (quoting *Z-Line Designs, Inc. v. Bell'O Int'l LLC*, 218 F.R.D. 663, 667 (N.D. Cal. 2003)).

Here, Plaintiff submitted copies of correspondence between his counsel and Defendant's counsel that strongly indicates the New York Action is an anticipatory suit not entitled to operation of the first-to-file rule. Most notably, on July 27, 2017, Plaintiff's counsel sent a cease and desist letter to Fruit Bliss' legal department, which stated that (1) Plaintiff retained counsel to prosecute a class action lawsuit under the CLRA, (2) Plaintiff wants to settle the claim, but (3) Plaintiff intends to file suit in 30 days from the date of the letter absent a pre-filing resolution to his demands. *See* Ex. 1 to Ferrell Decl. [Doc. # 23-5]. Thereafter, between approximately August 10 and 15, 2017, counsel for the parties engaged in some "conciliatory" telephone and

---

[3] On October 5, 2017, Defendant filed an amended complaint that names Plaintiff as a defendant in the New York Action, but the caption in the E.D.N.Y.'s CM/ECF system still reflects the original name.

email correspondence to discuss Plaintiff's settlement demand. Ferrell Decl. at ¶¶ 7–8; *see* Ex. 3 to Ferrell Decl. at 3–5 (email communication) [Doc. # 23-7].

On August 16, 2017, Plaintiff's counsel, having not heard back from the defense as to the settlement demand, sent defense counsel an email stating that Plaintiff "plan[ned] to promptly proceed to file the Complaint." Ex. 3 to Ferrell Decl. at 3. That same day, defense counsel asked that Plaintiff delay filing suit for one day because defense counsel was "working on getting a response from [Defendant] on the money aspects." *Id.*; Ferrell Decl. at ¶ 9. Plaintiff's counsel responded positively, stating that Plaintiff could wait another day. Ex. 3 to Ferrell Decl. at 3.

Instead, that same day, Defendant filed the New York Action against an unnamed plaintiff intended to be Plaintiff. *See* New York Complaint at ¶ 3 (describing defendant (in that case) in connection with Plaintiff's counsel's written and email correspondence); New York Action, Doc. # 15 (amended complaint naming Plaintiff as defendant). The New York Action seeks, in part, a declaratory judgment that "[Plaintiff's] claim of a violation of 21 C.F.R. 100.100 for impermissible slack fill and as a consequence of . . . the [California CLRA] is frivolous and without legal basis." New York Complaint at ¶ 13.

The next day, on August 17, 2017, defense counsel emailed Plaintiff's counsel with a settlement response that sought at least $8,000 from Plaintiff and mutual releases, and alerted counsel to the suit against Plaintiff (to determine "whether [Defendant's] packaging is legal or not"). Ex. 3 to Ferrell Decl. [Doc. # 23-7]. Defendant's settlement offer expired on August 18, 2017. *Id.*

This correspondence, as well as the New York Complaint's allegations themselves, serve as convincing evidence that the New York Action is an anticipatory suit. The Court will therefore not apply the first-to-file rule in this case.

        **c.**      **Relevant Transfer Factors**

Defendant last seeks transfer under the *Jones* factors, arguing that E.D.N.Y. has personal jurisdiction over both parties, is more convenient to the parties and non-party witnesses, financial considerations, and state public interests. Plaintiff presents arguments in opposition and separately argues that additional transfer factors weigh against transfer.

        **i.**      **Personal Jurisdiction**

First, Plaintiff disputes E.D.N.Y.'s personal jurisdiction over him, and it appears that he has filed a motion to dismiss partially on that basis in the New York Action. Opposition at 44;

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-7025 DMG (KSx)** | Date | December 22, 2017 |
|---|---|---|---|
| Title | ***Anthony Buso v. Penguin Trading, Inc.*** | Page | 6 of 10 |

New York Action, Doc. # 16.[4] Additionally, Plaintiff states that he has visited New York state only twice in his lifetime. Buso Decl. at ¶ 3. Because Defendant bears the burden to prove that transfer is appropriate yet has failed to submit evidence or argument on Plaintiff's contacts with E.D.N.Y., the Court will not accept Defendant's conclusory assertion that the New York court may properly exercise personal jurisdiction over Plaintiff.

### ii.   Party Convenience and Finances

The convenience of the parties is a neutral factor. California is the more convenient venue for Plaintiff, and his financial circumstances preclude him from traveling to New York for depositions, hearings, meetings with New York counsel, and trial. Buso Decl. at ¶ 6. Litigation in this forum would also benefit the putative class members, as Plaintiff seeks to certify a class comprised solely of California residents. *See* FAC at ¶ 29. Defendant, on the other hand, is a New York citizen who would be significantly inconvenienced, including financially, by litigation in this District.

Courts in this District recognize that national corporations are better equipped than an ordinary individual with limited financial means to adjust to the increased litigation costs stemming from litigation in a foreign forum. *See, e.g.*, *Guingao v. Datalogix Tex. Inc.*, No. CV 14-02103-SVW (Ex), 2014 WL 12688862, at *2 (C.D. Cal. June 5, 2014); *Hogan v. ADT, LLC*, No. CV 12-10558 DMG (FMOx), 2013 WL 12129856, at *3 (C.D. Cal. May 23, 2013); *Allstar Mktg. Grp., LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109, 1132 (C.D. Cal. 2009). In this case, however, Defendant has submitted ample evidence that this general rule should not apply. For example, Defendant's President and sole shareholder, Susan Leone, states that the company has only two employees, including her, and that travel to California would essentially halt business operations and possibly cause Defendant to file bankruptcy. *See* Leone Decl. at ¶¶ 1, 6–7, 12. Additionally, Leone states that Defendant secured "low-bono" counsel in New York but that its "low-bono" counsel in California is located in San Francisco such that litigation in Los Angeles would increase costs. *Id.* at ¶ 11. While Defendant has 431 retail stores in California alone, it earned only $34,886 "in ordinary business income" in 2016. *Id.* at ¶ 8; Ex. A to Leone Decl. (2016 tax return) [Doc. # 25-3 at 6–9].

It is well known in this Circuit that transfer based on convenience "is not appropriate . . . when the effect would be simply to shift the inconvenience from one party to another." *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 994 (N.D. Cal. 2011). Although litigation in

---

[4] The District Judge in the New York Action struck the motion to dismiss due to Plaintiff's failure to comply with certain page-limit requirements, but stated that it would address a briefing schedule for that motion depending on the outcome of Plaintiff's motion to transfer venue in that case. New York Action, Oct. 30, 2017 (no docket number associated with text entry).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 17-7025 DMG (KSx)** | Date | December 22, 2017 |
| Title | *Anthony Buso v. Penguin Trading, Inc.* | Page | 7 of 10 |

this District would be a great inconvenience to Defendant, transfer would merely shift the inconvenience to Plaintiff. The factor of party convenience is thus in equipoise.

### iii. Witness Convenience

The convenience of non-party witnesses favors transfer. Both parties posit that they expect to rely on non-party witnesses who are native to the competing fora. Plaintiff points to his investigator, a resident of this District, who will testify to his first-hand measurements of the challenged packaging's slack-fill—testimony essential to Plaintiff's claim.[5] *See* Baslow Decl. at ¶¶ 1–5, 8 [Doc. # 23-13].

Defendant points to three New York residents—two packaging consultants and a packaging designer—who contributed to Defendant's marketing and manufacturing decisions, and a Turkey resident who owns the manufacturing company that fills Defendant's product packaging. MTD at 33–34; Arneri Decl. at ¶ 5 [Doc. # 16-1]. These third parties would testify as to the functionality of Defendant's product slack-fill and its packaging's size, important issues in this case. *See* Reply at 35–36 [Doc. # 25]; Arneri Reply Decl. at ¶ 4 [Doc. # 25-1]. Defendant also explains that the third-party witnesses would not be willing to travel to California on their own expense because such travel would divert time from their own small businesses, and that the Turkish witness regularly travels to New York on business and may be able to combine those business trips with deposition or other necessary appearances in this case. Reply at 36; Leone Decl. at ¶ 5. Defendant has thus shown that, under this Court's standard for transfer based on witness convenience, transfer is appropriate. *See Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746 (C.D. Cal. 2016) ("[T]he operative standard in this circuit is that '[i]f the [requested] transfer is for the convenience of witnesses, [the] defendant must name the witnesses it wishes to call, the anticipated area of their testimony and its relevance, and the reasons why the present forum would present hardship to them." (alterations in original) (quoting *Bohara v. Backus Hospital Medical Benefit Plan*, 390 F.Supp.2d 957, 963 (C.D.Cal.2005))).

Witness convenience is considered one of the most important factors in ruling on a transfer motion brought under section 1404(a). *Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (C.D. Cal. 2005) "[T]he court must consider not simply how many witnesses each side has and the location of each, but, rather, the court must consider the importance of the witnesses." *Id.* at 1161. Here, Defendant has shown that it has more significant third-party witnesses who would

---

[5] The Court rejects Defendant's argument that this witness is a party witness by virtue of his being an expert witness. That does not appear to be the law in this Circuit, and Defendant cites no in-Circuit authority for such a proposition. *See, e.g., United States v. Bazaarvoice, Inc.*, No. C 13-00133 WHO (LB), 2013 WL 3784240, at *3 (N.D. Cal. July 18, 2013) (referring to experts as nonparty witnesses); *Mavrix Photo, Inc. v. GG Digital, Inc.*, No. SACV 12-435-JST (JPRx), 2012 WL 12887834, at*3 (C.D. Cal. Oct. 3, 2012) (same); *Garcia v. Courtesy Ford, Inc.*, No. C06-855RSL, 2006 WL 2439815, at *2 (W.D. Wash. Aug. 22, 2006) (same).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-7025 DMG (KSx)** | Date | December 22, 2017 |
|---|---|---|---|
| Title | *Anthony Buso v. Penguin Trading, Inc.* | Page | 8 of 10 |

be inconvenienced than Plaintiff. The Court thus concludes that this factor weighs in favor of transfer.

### iv. Interest of Justice and Public Interest

Defendant acknowledges California's interest in enforcing its consumer protection laws, but contends nonetheless that state public interests weigh in favor of transfer. Defendant argues that the "crux" of this case "lies not in California, the state where Plaintiff purports to have purchased" the product, but in New York, "the state where [Defendant] is headquartered and allegedly issued misrepresentations concerning" its products. MTD at 34 (quoting *Hawkins v. Gerber Prods. Co.*, 924 F. Supp. 2d 1208, 1216 (S.D. Cal. 2013)). Because "[t]he primary focus of this action is the development and marketing" of Defendant's products, "and decisions about how such goods were to be advertised to consumers" with regard to slack fill, Defendant asserts that the local interest in the controversy here favors transfer to New York. *Id.* (quoting *Hawkins*, 924 F. Supp. 2d at 1216).

The Court agrees. This factor thus favors transfer.

### v. Access to Proof

The location of evidence and relative ease of access to sources of proof in this case do not favor transfer. Defendant posits that the relevant physical and documentary evidence, such as the fruit packs and empty packaging, are located in New York. But Defendant has not shown why these demonstrative packs cannot be easily transported to this District in light of their size. *See* Baslow Decl. at ¶ 3 (packages are 5-7/8 inches wide and 7 inches long); *Bohara*, 390 F. Supp. 2d at 963 (defendant "must show with particularity the location [and] difficulty of transportation"). As for documentary evidence, Defendant "fails to adduce evidence that [its] . . . records are so voluminous that it would be difficult to transport them to the Central District or, in this day and age, scan them into an electronic database." *Rubio*, 181 F. Supp. 3d at 764.

### vi. Power to Compel

The factor of compulsory process, an important one, favors transfer. *Ravelo Monegro v. Rosa*, 211 F.3d 509, 514 (9th Cir. 2000). A district court can only subpoena non-party witnesses within its district or within 100 miles of the district. *See* Fed.R.Civ.P. 45(c)(3)(B)(ii). Thus, this Court cannot compel the appearance of any of Defendant's third-party witnesses, and Defendant has presented declaratory evidence that they would be unwilling to travel on their own expense. Leone Decl. at ¶ 5. Plaintiff presents no evidence that his investigator would be unwilling or unable to travel to E.D.N.Y.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-7025 DMG (KSx)** | Date | December 22, 2017 |
|---|---|---|---|
| Title | *Anthony Buso v. Penguin Trading, Inc.* | Page | 9 of 10 |

### vii. Contacts with the Forum

Governing precedent permits courts to consider "the respective parties' contacts with the forum," meaning this District, as well as the "contacts relating to the plaintiff's cause of action in the chosen forum." *Jones*, 211 F.3d at 498; *Hogan*, 2013 WL 12129856, at *3 (contacts with the forum concerns the *chosen* forum). As discussed above, Plaintiff is not a resident of this District, and his suit is based on purchases made in San Diego, which is not in this District. FAC at ¶ 3 (purchases made in San Diego). As discussed above, however, Defendant has significant contacts with this forum, including its 124 retail sales locations. This factor thus weighs against transfer.

### viii. Applicable Law

Plaintiff's suit invokes California state law. "There is an appropriateness in having the trial of a diversity case in a forum that is at home with the state law that must govern the case, rather than having a court in some other forum untangle problems in conflict of laws, and in law foreign to itself." *Ganezer v. DirectBuy, Inc.*, No. CV 08-8666 GAF (RCx), 2012 WL 12867971, at *5 (C.D. Cal. Jan. 30, 2012) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 645 (1964)) (citing *Jonathan Browning v. Venetian Casino Resort, LLC*, No. C 07-3983 JSW, 2007 WL 4532214, at *6 (N.D. Cal. Dec. 19, 2007) ("The Northern District of California is more familiar with the relevant California state laws that govern the state claims. This factor does not favor transfer . . . .")). That said, "federal courts are accustomed in diversity actions to applying laws foreign to the law of their particular State, and familiarity with such foreign law presents no technological problems in the modern age of WESTLAW and LEXIS." *Id.* (quoting *Pitney Bowes, Inc. v. Nat'l Presort, Inc.*, 33 F. Supp. 2d 130, 132 (D. Conn. 1998)). This factor is therefore neutral.

### ix. Administrative Considerations

Finally, Plaintiff represents that docket congestion in E.D.N.Y. creates a 10-month disparity between the median length of time for a civil case to resolve in trial in this District versus that one, with this District's cases resolving faster. *See* Ex. 9 to Pl's RJN [Doc. # 23-30].[6] Although this factor favors Plaintiff's opposition to transfer, it does so only weakly. *See Rubio*, 181 F. Supp. 3d at 765 ("[A]dministrative considerations such as docket congestion are given little weight in this [C]ircuit in assessing the propriety of a § 1404(a) transfer.").

---

[6] The Court **GRANTS** Plaintiff's request for judicial notice with respect to this Exhibit. The document is available on the website of the Administrative Office of the U.S. Courts and is therefore a proper subject of judicial notice. *See United States ex rel. Modglin v. DJO Global Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014). The Court **DENIES as moot** Plaintiff's request for judicial notice of other documents as the Court did not consider them in ruling on this motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 17-7025 DMG (KSx)** | Date | December 22, 2017 |
|---|---|---|---|
| Title | *Anthony Buso v. Penguin Trading, Inc.* | Page | 10 of 10 |

On balance, four factors—plaintiff's choice of forum, location of evidence and access to proof, contact with the forum, and administrative considerations—tilt against a transfer, and one of those factors only weakly. Three factors—witness convenience, public interest and interests of justice, and the forum's power to compel—favor transfer, and two of those factors (witness convenience and compulsory process) are among the most important considerations when determining whether to transfer a case under section 1404(a). Accordingly, the weightiest factors favor a transfer.

Although the Court will not apply the first-to-file rule in this case because of the anticipatory nature of the New York Action, the most important factors for a section 1404(a) motion to transfer favor transfer. The Court therefore **GRANTS** Defendant's MTD insofar as it seeks transfer of this case to E.D.N.Y. Defendant's alternative request for a stay is **DENIED as moot**.

## II.
## CONCLUSION

In light of the foregoing, the Court **GRANTS** the MTA [Doc. # 27] and **DENIES in part** the MTD as moot [Doc. # 16]. The Court **GRANTS** the motion to transfer this case to the United States District Court for the Eastern District of New York, where Plaintiff may file his amended complaint pursuant to the proposed changes submitted to this Court. The January 5, 2017 hearing is **VACATED**.

**IT IS SO ORDERED.**